# United States Court of Appeals for the Federal Circuit

04-5151, -5154

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

Norman H. Singer, Singer and Associates, P.C., of Bethesda, Maryland, argued for plaintiff-cross appellant. Of counsel was Benjamin M. Kahrl.

David B. Stinson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director. Of counsel were Gregory T. Allen, Attorney, Defense Contract Management Agency, of Manassas, Virginia, and Raymond J.M. Wong, Attorney, of Alexandria, Virginia.

Thomas M. Abbott, McKenna Long & Aldridge LLP, of Los Angeles, California for amicus curiae United States Chamber of Commerce. With him on the brief was Mark R. Troy. Of counsel on the brief was Robin S. Conrad, National Chamber Litigation Center, of Washington, DC.

Appealed from: United States Court of Federal Claims

Senior Judge Bohdan A. Futey

# United States Court of Appeals for the Federal Circuit

04-5151, -5154,

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

_____

DECIDED:  February 6, 2006

_____

Before RADER, LINN, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

This case arose from a dispute over the allowable costs in a cost-reimbursement contract between the United States and Information Systems and Networks Corporation ("ISN"), a Maryland S corporation.  The United States Court of Federal Claims granted summary judgment in favor of ISN.  It held that, under 48 C.F.R. § 31.205-41, the state income tax payments made by ISN's sole shareholder resulting from dividends received from ISN were allowable costs in the cost-reimbursement contract.  Because the Court of Federal Claims improperly interpreted 48 C.F.R. § 31.205-41, we reverse and remand.

## I

ISN is a Maryland corporation with one sole shareholder, Roma Malkani. ISN provides services to the United States through cost-reimbursement contracts. Under these contracts, the United States reimburses ISN for allowable costs incurred during performance of the contract. See 48 C.F.R. § 16.301-1 (2004). Each year ISN negotiates with the United States to determine ISN's allowable costs for that year. See 48 C.F.R. § 52.216-7(d)(2)(ii) (2004). A cost is allowable only when the cost complies with all of the following requirements:

> (1) Reasonableness.
> (2) Allocability.
> (3) Standards promulgated by the CAS Board, if applicable, otherwise, generally accepted accounting principles and practices appropriate to the circumstances.
> (4) Terms of the contract.
> (5) Any limitations set forth in this subpart.

48 C.F.R. § 31.202-2 (2004). As provided by the last of these requirements, allowable costs must conform to any of the specific limitations set forth in 48 C.F.R. §§ 31.201-205. Many of these limitations are enumerated in 48 C.F.R. § 31.205 and include rules for determining the allowability of forty-seven different types of costs. This case turns on the allowability of certain tax-related costs. Taxes are discussed in 48 C.F.R. § 31.205-41. That subsection states that some but not all taxes paid by an entity are allowable. See 48 C.F.R. § 31.205-41 (2004).

ISN elected to be a subchapter S corporation pursuant to 26 U.S.C. § 1362(a). In a traditional subchapter C corporation, there is what is known as double taxation. A corporation pays income tax on its corporate income. And, when the corporation distributes income to its shareholders, those shareholders also pay income tax on those

dividends. In contrast, an S corporation is only subject to single taxation. The corporation does not pay income tax on the income it generates. Rather, only the shareholders of the S corporation pay income tax on their corporate dividends. As discussed by the Court of Federal Claims,

> "S corporations" as they are known, are small businesses, closely held by no more than 75 shareholders, 26 U.S.C. § 1361 (b)(1)(A), and often held by a sole shareholder. S corporation status is a tax election designed to make the decision of small businesses to incorporate "tax neutral;" i.e., a business will incur the same tax liability on its income whether the owners of the business incorporate or not. Subchapter S accomplishes this by eliminating the "double taxation" that usually befalls normal corporate income.

Info. Sys. & Networks Corp. v. United States, 48 Fed. Cl. 265, 266 (2000). Many states have aligned their tax codes with the Federal Internal Revenue Code and these states treat S corporations for state income taxes just as the Internal Revenue Code treats S corporations for federal income taxes. In those states that recognize the single taxation of an S corporation, ISN has never paid state income tax. Instead, Ms. Malkani, ISN's sole shareholder, has received dividend income from ISN and Ms. Malkani has paid state income tax on those dividends.

As part of its proposal for reimbursement under its contract with the United States, ISN submitted proposals for reimbursement for costs associated with Ms. Malkani's state income tax payments. The Defense Council Audit Agency (the "DCAA") denied all of ISN's relevant claims for allowable costs for Ms. Malkani's state income tax payments. The DCAA found that, because ISN was an S corporation and not subject to state income taxes, the state income taxes paid by Ms. Malkani were not allowable costs for ISN. On April 16, 1998, the Contracting Officer issued a final decision denying ISN's claims.

On August 18, 1998, ISN filed suit in the Court of Federal Claims. ISN alleged that it had reimbursed Ms. Malkani for her state income tax and ISN asked the Court of Federal Claims to declare those reimbursements to be allowable costs under the cost-reimbursement contract. The court issued its decision on liability on November 30, 2000. The Court of Federal Claims granted ISN's motion for summary judgment and held that state income tax payments made by ISN's sole shareholder of an S corporation were allowable costs. As allowable costs, ISN was to receive reimbursement for them. As a result, on July 7, 2004, the Court of Federal Claims issued its decision on damages and it held that $1,133,176 that had been paid for state income taxes by Ms. Malkani were allowable costs and should be included in the compensation for the cost-reimbursement contract. Info. Sys. & Networks Corp. v. United States, No. 98-663C (Ct. Fed. Cl. July 21, 2004).

The United States filed this appeal on September 10, 2004. This court has jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1295(a)(3). ISN cross-appeals the Court of Federal Claims' denial of ISN's request for a money judgment as well as interest under the Contracts Dispute Act of 1978. See 41 U.S.C. § 601.

II

This court reviews grants of summary judgment by the Court of Federal Claims de novo. Costain Coal, Inc. v. United States, 126 F.3d 1437, 1440 (Fed. Cir. 1997). "On appeal, this court conducts a 'complete and independent review' of the record to determine whether summary judgment is appropriate." Argent v. United States, 124 F.3d 1277, 1281 (Fed. Cir. 1997) (quoting Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 799 (Fed. Cir. 1993)). A grant of summary judgment is appropriate "where the

record shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. at 1280.

The Court of Federal Claims concluded that state income taxes incurred by a shareholder of an S corporation are allowable costs. The court reached this conclusion based on its interpretation of both subparts (a) and (b) of 48 C.F.R. § 31.205-41. Discussing which taxes are specifically not allowable, the Court of Federal Claims held that costs are not allowable for "[t]axes from which exemptions are available to the contractor directly . . . . The term exemption means freedom from taxation in whole or in part and includes a tax abatement or reduction resulting from mode of assessment, method of calculation, or otherwise." 48 C.F.R. § 31.205-41(b) (2004); see also Info. Sys. & Networks, 48 Fed. Cl. at 270. In addition, the Court of Federal Claims noted that subpart (a) of the regulation states that some income taxes are allowable. The regulation states that "[t]he following types of costs are allowable: . . . State . . . taxes . . . that are required to be and are paid . . . ." 48 C.F.R. § 31.205-41(a) (2004); see also Info. Sys. & Networks, 48 Fed. Cl. at 270. Addressing these two provisions the Court of Federal Claims concluded that the state income taxes claimed by ISN were allowable costs because they were not exempted taxes under 48 C.F.R. § 31.205-41(b) and that they were instead allowable taxes under 48 C.F.R. § 31.205-41(a). The court held that "the state income taxes were required to be paid and were paid, and because the tax liability on the corporate income was not subject to abatement or reduction, the state income taxes claimed by the plaintiff for reimbursement are allowed under the Taxes Provision." Id. We agree with the United States that the Court of Federal Claims' interpretation of the regulation was incorrect.

04-5151, -5154                                            5

The language of the regulation makes it clear that the term exemption "means freedom from taxation in whole or in part." 48 C.F.R. § 31.205-41(b) (2004). After stating that general standard, the regulation states that a tax exemption "includes a tax abatement or reduction." Id. There is nothing that supports the Court of Federal Claims' interpretation of the regulation wherein tax abatements and tax reductions represent the exhaustive list of exempt taxes. Tax abatements or tax reductions are not the only types of exempt taxes. Instead, they are only two examples. Furthermore, the Court of Federal Claims also held that "the state income taxes were required to be paid and were paid," and therefore the costs claimed by ISN were allowable under 48 C.F.R. § 31.205-41(a). Info. Sys. & Networks, 48 Fed. Cl. at 270. But this inference is also incorrect. The allowable taxes described in 48 C.F.R. § 31.205-41(a) apply to taxes paid by the contracting entity. As an S corporation, ISN never paid any state income taxes. Only Ms. Malkani paid state income taxes on dividends paid to her from ISN. Because she is not the contracting entity, 48 C.F.R. § 31.205-41 is inapplicable to Ms. Malkani's state income tax payments. The Court of Federal Claims incorrectly concluded that, because the state income tax liability was not a tax reduction nor a tax abatement, the state income tax liability could not be an exempt tax under 48 C.F.R. § 31.205-41(b).

The Court of Federal Claims' review of various state tax provisions relating to S corporation taxation does not change our view. In discussing those provisions, the court noted that "[i]nspection of the tax codes of the states involved in this case . . . shows that the relationship between an S corporation and its shareholders is an important and intermingled one for state tax purposes." Info. Sys. & Networks, 48 Fed.

Cl. at 271. The Court of Federal Claims found that "[i]n general, the state tax codes explain that any corporation which fails to pay its state income taxes, no matter what tax election status it holds, will be subject to penalty and encumbrance on its ability to do business within the state." Id. This, however, is not enough to establish that the tax liability of an S corporation shareholder is an allowable cost for the corporation. In fact, the Court of Federal Claims' characterization of these state tax provisions suggests, though not conclusively, the opposite result. As the reviewed state tax liabilities are described as penalties and encumbrances, this suggests that these costs are generally not allowable costs. Another subpart of the regulations discusses the allowability of penalties:

> Costs of fines and penalties resulting from violations of, or failure of the contractor to comply with, Federal, State, local, or foreign laws and regulations, are unallowable except when incurred as a result of compliance with specific terms and conditions of the contract or written instructions from the contracting officer.

48 C.F.R. § 31.205-15(a) (2004). The Court of Federal Claims' reliance on state tax provisions that describe penalties for failure to have shareholders pay the proper state income tax does not establish that an S corporation shareholder's state income tax payments should be an allowable cost to the corporation.

The plain language of 48 C.F.R. § 31.205-41(b) states that taxes from which the contracting entity is exempt are not allowable costs. This is the case here. ISN is free from taxation on Ms. Malkani's income derived from ISN's corporate dividends. Therefore, in its cost-reimbursement contract, Ms. Malkani's state income tax payments themselves cannot be an allowable cost for ISN.

III

For the reasons stated, the Court of Federal Claims improperly interpreted 48 C.F.R. § 31-205-41(b) too narrowly and it therefore improperly concluded that Ms. Malkani's state income tax payments were allowable costs. This court reverses the Court of Federal Claims' grant of summary judgment in favor of ISN and remands the case to the Court of Federal Claims for further proceedings consistent with this opinion. As this court reverses the grant of summary judgment, ISN's counterclaim for money damages and interest is rendered moot.

COSTS

No costs.

REVERSE AND REMAND